## Case No. 16,059.
### UNITED STATES v. POAGE.
[6 McLean, 89.] [2]

Circuit Court, D. Ohio. April Term, 1854.

CRIMINAL LAW — EVIDENCE OF GOOD CHARACTER.

1. The defendant was intimately associated with the individual, who stole the letter containing a hundred dollar bank bill and a promissory note for eighty-two dollars. But he proved himself to be a man of irreproachable character and of high intelligence, by witnesses of undoubted respectability.

2. This would seem to be sufficient to protect him from suspicion, where no other fact is proved to implicate him.

3. He was formerly acquainted with Coyle in Virginia, who was, probably, the guilty party; and this may account for their intimacy.

Mr. Morton, U. S. Dist. Atty.

Mr. Pendleton, for defendant.

CHARGE OF THE COURT. This is an indictment against the derendant [Alpheus Poage], charging him with stealing from the mail, a certain letter, written by Nesbat, and

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

directed to George H. Calvert, Cincinnati, which contained a bank bill for one hundred dollars and a promissory note for eighty-two dollars. Mr. Nesbat being sworn states, that he lives in Kentucky, at the Dry Ridge post-office; that on the 6th of January last, the above letter was written by him, and directed to George H. Calvert. containing a hundred dollar note, and his own promissory note for eighty-two dollars. On the 11th of the same month, the note was presented to witness for payment by a young man at his residence, with whom defendant was in company. The boy appeared to be fifteen or sixteen years of age, who said he was connected with an insurance company, and was sent out to collect. The note he said had been received from Mr. Calvert. Witness paid the note in cash, except each took a pair of gloves from his store. The note appeared to have been endorsed by George H. Calvert. The witness lives thirty-four miles from Cincinnati, and the letter must have reached the city the day it was mailed. Two letters were sent in the same post bill. Witness thinks the words of the boy were, "We are connected with an insurance company." The name of the young man or boy was James C. Adams. On examination, the witness found the post bill in the Cincinnati post office. Henry G. Galt, a clerk in the post office, opened the packet, at the Cincinnati post office, which contained the post bill and the two letters. Calvert, to whom it was directed, never received it. Mr. Suffield, who works for Calvert, receives his letters from the post office, and did not receive this one. Mr. Jackson, kept the Farmer's Hotel in Covington last January. On the 11th of that month, defendant boarded with witness. On the night of the 10th of January, Coyle staid at his house, and registered his name Adams. He had been once before at the house of witness. Heard him say that he was acquainted with Poage in Virginia. They lodged in the same room the night of the 10th, and the next day they went to the country together in a buggy. On the 12th they returned at about ten o'clock. Mr. Beal, states, that on the 10th of January, he met Mr. Poage early in the morning, who helped witness make a fire, and remained until about 12 o'clock. After some time Poage and the boy came together to the house, at between one and two o'clock. The boy showed a note, and said he had traded a galvanized watch for it, and that if he did not collect the note he would not lose much. The witness identifies the note. When he saw it, it was not endorsed, and he observed to the boy, without the endorsement of Calvert he could not collect the note. The boy soon went out to get the note endorsed, and when he returned, he said that he had met the man, who endorsed

it. Mr. Brown, says he first saw defendant at Cabell county, Virginia, and found him fifteen miles beyond Guyandotte. The defendant said that he had known Coyle at Staunton, but had not seen him for some time before. he met him at Cincinnati. He said Coyle was in the printing office. Here the evidence of the prosecution closed. Mr. Moore, a citizen of Virginia. was acquainted with the defendant, near Staunton, Virginia. He was then engaged as engineer on a railroad, and was a man of good character and respectably connected. Mr. Harrill, from the same neighborhood, spoke of the excellent character of the defendant, and that he was employed as an engineer on a railroad. Messrs. Walker, Wilson and Marcus all testified to the good character of the defendant in Virginia, where he was engaged in most respectable employments. Some of the above witnesses had been members of the Virginia legislature, and all of them had the appearance of gentlemen, and were intelligent.

THE COURT observed to the jury, there can be no doubt. from the evidence, that the letter which contained the bank bill and the promissory note of Nesbat was stolen, and from the fact that Coyle had possession of the note and collected it, under false pretenses, he would be presumed to be the guilty person, if now on his trial. The only evidence against the defendant is, that he was associated with Coyle when he collected the note, and received a pair of gloves in the way of change. The association with Coyle before they rode out to Nesbat's and afterwards, lodging in the same room on the night of the 10th of January, was enough to excite suspicion against him. But his good character, being sustained by most respectable witnesses in Virginia, where the defendant was reared and respectably employed, should exonerate him from mere suspicion, founded on such circumstances. Good character can seldom fail to protect an individual from suspicion. A man of intelligence and reputable standing in society, is not likely to indulge in crime, or to do anything which shall forfeit his good name.

If the defendant had participated with Coyle in stealing the letter, he would without doubt have suggested to him. that the note must be endorsed, to enable him to collect it. If he was acquainted with Coyle in Virginia, their intimacy may be accounted for, without presuming any participation of the defendant in the crime charged. And you cannot find the defendant guilty, unless you shall find he participated in stealing the letter. The case is left with you, gentlemen, not doubting, that after deliberately weighing the testimony, you will come to a just conclusion.

Verdict of the jury, not guilty.